UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:14-cr-67-SEB-DML-9 |
| v. | ORDER ON MOTIONS FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| TIMIKA HIGHBAUGH | (COMPASSIONATE RELEASE) |

Upon motions of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motions are:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 1:14-cr-00067-SEB-DML |
| TIMIKA HIGHBAUGH, | ) ) | -09 |
| Defendant. | ) ) | |

**ORDER**

Defendant Timika Highbaugh requests compassionate release under 18 U.S.C. § 3582(c)(1)(A). For the reasons explained below, Ms. Highbaugh's motions are **denied**.

**I. Background**

In 2015, Ms. Highbaugh pled guilty to one count of conspiracy to possess with intent to distribute and to distribute 5 kilograms or more of cocaine and 280 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 846. Dkts. 383, 562. According to the presentence investigation report, Ms. Highbaugh was involved in the day-to-day operations of a cocaine trafficking operation. Dkt. 486. The Court sentenced Ms. Highbaugh to 144 months of imprisonment, to be followed by a 2-year term of supervised release. Dkt. 562.

In April 2021, Ms. Highbaugh filed pro se motions for compassionate release. Dkts. 798, 799. In her submissions, Ms. Highbaugh argues that her medical conditions (morbid obesity, chronic asthma, hypertension and diabetes mellitus) put her at higher risk for severe illness from COVID-19, which establishes an extraordinary and compelling reason to grant her release.[1] *Id.*

---

[1] Ms. Highbaugh also references prison conditions that have been in place due to COVID-19 lockdowns such as gym closures and lack of access to exercise equipment. Dkt. 799 at 4. Such allegations might form the basis for relief in a civil suit filed in Ms. Highbaugh's district of incarceration, but such

2

Ms. Highbaugh states that she received the COVID-19 vaccine in March 2021. Dkt. 799 at 5. Upon review of Ms. Highbaugh's submissions, the Court has determined that it can resolve the motions without a response from the United States. Thus, the motions are now ripe for review.

## II. Discussion

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Yet, under one exception to this rule, a court may reduce a sentence "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable," if it finds that there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The Seventh Circuit has held that a court has broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). The court must "consider[] the applicant's individualized arguments and evidence," *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022), but ultimately, "[t]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021).

Ms. Highbaugh's reason for requesting a sentence reduction—the risk to her physical health presented by COVID-19, particularly in light of her medical conditions—is not an extraordinary and compelling reason to release her, either alone or in combination with any other reason. "[F]or the many prisoners who seek release based on the special risks created by COVID-19 for people living in close quarters, vaccines offer far more relief than a judicial order. . . . [F]or the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release." *United States v.*

---

allegations are not grounds for a sentence reduction under § 3582(c)(1)(A). *See United States v. Dotson*, 849 F. App'x 598, 601 (7th Cir. 2021).

*Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021). The Seventh Circuit has repeatedly affirmed that the risk an inmate faces from COVID-19 cannot be an extraordinary and compelling reason warranting release under § 3582(c)(1)(A)(i) unless the inmate shows that he cannot "receive or benefit from a vaccine." *Id.*; *see also United States v. Clemons*, No. 21-2440, 2022 WL 1436801, at *2 (7th Cir. May 6, 2022) ("Despite the threat of new coronavirus variants, we reiterated that an inmate's risk of COVID-19 cannot justify compassionate release absent an inability to receive or benefit from a vaccine.") (cleaned up). Ms. Highbaugh acknowledges she has been vaccinated, dkt. 799 at 5, but she has presented no evidence that she is unable to receive or benefit from the vaccine. Additionally, Ms. Highbaugh "has not presented any evidence establishing that [she] is more at risk for an adverse outcome in prison than [she] would be if released." *United States v. Barbee*, 25 F.4th 531, 533 (7th Cir. 2022). Specifically, she has not presented "data showing that vaccinated prisoners are at materially greater risk of breakthrough infections than other vaccinated persons." *United States v. Avila*, No. 21-2383, dkt. 19 (7th Cir. Feb. 15, 2022). Accordingly, Ms. Highbaugh has failed to carry her burden to show that the risk of COVID-19 presents an extraordinary and compelling reason for release.

Given the determination that Ms. Highbaugh has not shown extraordinary and compelling reasons to justify her release, the Court need not address whether she is a danger to the community and whether the sentencing factors listed in 18 U.S.C. § 3553(a) weigh in favor of her release. Even if she had made such a showing, however, the Court would nevertheless find that Ms. Highbaugh is not entitled to compassionate release because the § 3553 factors do not weigh in her favor.[2] While Ms. Highbaugh has several medical conditions identified by the Centers for Disease

---

[2] The factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed (a) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (b) to afford adequate deterrence to criminal conduct; (c) to protect the public from further crimes of the defendant; and (d) to provide the

Control and Prevention that place her at higher risk for severe illness from COVID-19, *see* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited May 12, 2022), she has been fully vaccinated against COVID-19. Ms. Highbaugh represents that she has completed many programs in prison, including the Residential Drug Abuse Program, and that she is in the process of obtaining her G.E.D. Dkt. 798 at 1-2. She states that upon release, she will live with her aunt and plans to seek employment with her former employer. Dkt. 799 at 5. But, weighing heavily against her, Ms. Highbaugh has a lengthy criminal history and was convicted of a serious crime. Moreover, Ms. Highbaugh is not due to be released from custody for more than two years. *See* https://www.bop.gov/inmateloc/ (last visited May 12, 2022) (listing anticipated release date as Aug. 20, 2024).[3]

In light of these considerations, the Court finds that releasing Ms. Highbaugh now would not: reflect the seriousness of the offense; promote respect for the law; provide just punishment for the offense; afford adequate deterrence to criminal conduct; or protect the public from further crimes. *See United States v. Ugbah*, 4 F.4th 595, 598 (7th Cir. 2021) ("all a district judge need do is provide a sufficient reason for [denying relief under § 3582(c)(1)]. One good reason for denying a motion such as Ugbah's is enough; more would be otiose.").

---

defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the defendant's crimes; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

[3] The Court notes that the Bureau of Prisons database reflects that Ms. Highbaugh is now located at "St. Louis RRM." *See* https://www.bop.gov/inmateloc/ (last visited May 12, 2022). Ms. Highbaugh has not updated the Court as to her status, so the Court assumes she is still in prison. Of course, if she has been released to home confinement, then her concerns about COVID-19 risk are moot.

### III. Conclusion

For the reasons stated above, Ms. Highbaugh's motions for compassionate release, dkts. [798] and [799] are **denied.**

**IT IS SO ORDERED.**

Date: 5/17/2022

*Sarah Evans Barker*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel

Timika Highbaugh
Reg. No. 12404-028
Federal Medical Center – Satellite Camp
P.O. Box 14525
Lexington, KY 40512

Timika Highbaugh
Reg. No. 12404-028
RRM St Louis
Residential Reentry Office
1222 Spruce St, Ste 6.101
St Louis, MO  63101